## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK ERJAVEC<br><br>Defendant. | ) Judge Eric C. Tostrud<br>) Magistrate Judge Elizabeth M. Bacon<br>)<br>) CASE NO. 0:25-cr-00356-ECT-EMB<br>)<br>) **LETTER REQUESTING**<br>) **PERMISSION TO FILE**<br>) **MOTION FOR**<br>) **RECONSIDERATION**<br>) **PURSUANT TO D. MINN.**<br>) **LR 7.1(j)**<br>) |

Pursuant to D. Minn. LR 7.1(j), non-party Beverly Thorne respectfully requests permission to file a motion for reconsideration of this Court's Order of April 15, 2026 [ECF No. 55]. Compelling circumstances warrant reconsideration because the Order rests on a misapprehension of Ms. Thorne's claim.

## I. The Order Addresses the Wrong Harm

The Order concludes that Ms. Thorne "has not shown she was directly or proximately harmed by any of the offenses charged" because "Mr. Erjavec is charged with defrauding the United States, not Ms. Thorne." ECF No. 55 at 2. Ms. Thorne does not contend she was the target of the EIDL/PPP fraud in Counts 1–5. Her claim is that the government proposes to collect restitution for its own losses using funds traceable to her $1,500,000 loan to Mesaba Finance.

The FBI confirmed that Ms. Thorne's wire transfers were among the only funds Mesaba Finance actually received. ECF No. 51 ¶¶ 11–13; ECF No. 52 ¶ 15. The Indictment alleges Mesaba Finance had "no significant sources of income" outside EIDL proceeds (Indictment ¶ 19). If her loan was the only real money flowing through the entity, any assets recovered from Mesaba Finance are substantially likely to be her money—not criminal proceeds. The harm is not the wire fraud itself; it is the government paying itself restitution with a third party's funds.

## II. Ms. Thorne's Harm Flows from the Charged Scheme

Wire fraud under § 1343 is a scheme-based offense. Under the MVRA, a "victim" includes any person "directly harmed by the defendant's criminal conduct in the course of the scheme." 18 U.S.C. § 3663A(a)(2). The Indictment describes Erjavec re-establishing Mesaba Finance on July 17, 2017 (¶ 26)—the same entity he used to solicit Ms. Thorne's $1.5 million loan in 2023. But for the charged scheme, Mesaba Finance would have remained dissolved (¶ 14) and could not have been used to induce her loan.

## III. Third-Party Property Cannot Satisfy Government Restitution

In Luis v. United States, 578 U.S. 5 (2016), the Supreme Court held that the government's restitution interest does not extend to untainted assets. In Honeycutt v. United States, 581 U.S. 443 (2017), the Court held forfeiture under § 853 is limited to property the defendant acquired as crime proceeds. Ms. Thorne's loan funds are not EIDL/PPP fraud proceeds—they are a third party's property.

## IV. The Mandamus Clock Is Running

Under 18 U.S.C. § 3771(d)(3), Ms. Thorne has 72 hours from denial of her motion to petition the Eighth Circuit for mandamus. She seeks reconsideration before resorting to that remedy but notes that delay may necessitate a mandamus filing. For these reasons, Ms. Thorne respectfully requests permission to file a motion for reconsideration, or in the alternative, asks this Court to treat this letter as the motion and reconsider its Order.

Respectfully submitted,

**MADGETT LAW, LLC**
s/ David Madgett
MN License No. 390494
IDS Center Suite 1650
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612-470-6529
Email: dmadgett@madgettlaw.com
***Attorney for Crime Victim Beverly Thorne***.